The Honorable Lauren King

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY, WASHINGTON, a Washington county,<br><br>　　　　　　　　　　　Defendant. | NO. 2:23-cv-00542<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11 AND 56(h)**<br><br>**NOTE ON MOTION CALENDAR: March 29, 2024** |

COMES NOW Plaintiff Bio Energy (Washington), LLC ("Plaintiff" or "BEW") and requests that sanctions be imposed due to Defendant's bad faith submission of certain false and misleading statements, and in support thereof would show unto the Court the following:

**I. INTRODUCTION**

In its Answer to BEW's First Amended Complaint, King County, Washington ("Defendant" or "the County") admitted it terminated its 2011 Purchase and Sale Agreement with Puget Sound Energy. Nevertheless, Defendant subsequently submitted statements to the Court falsely claiming that the PSE Agreement "expired," and the County did not "renew" it.

The County's termination of the PSE Agreement is a key component of BEW's claims. Through its misrepresentations, the County has sought to lead the Court to believe that it did

PLAINTIFF'S MOTION FOR SANCTIONS- 1
CASE NO. 2:23-CV-00542-LK

LAW OFFICES OF ROBERT J. RAUCH
25141 STAR VIEW ROAD
MT. VERNON, WASHINGTON 98237
TEL: 360-708-7296

not terminate the Agreement and that its actions were entirely innocent, when, in fact, precisely the opposite is true.

The County's misrepresentations violate the fundamental obligation of parties and their counsel to offer candor to the Court; and BEW respectfully (but reluctantly) requests that the Court impose sanctions under Rules 11 and/or 56(h) of the Federal Rules of Civil Procedure.

## II. BACKGROUND FACTS

### A. BEW's Landfill Gas Processing Agreement With the County.

BEW and the County are parties to that certain "Amended and Restated Project Development and Gas Sales Agreement" dated February 29, 2008 ("PDA"). Dkt. 22-1. Pursuant to the PDA, BEW constructed, owns, and operates a landfill gas processing plant ("Plant") located on the County's Cedar Hills landfill ("Cedar Hills").

### B. BEW's Gas Sales Agreement With Puget Sound Energy.

The purified RNG produced by BEW at Cedar Hills has, until recently, been sold by BEW to Puget Sound Energy ("PSE") pursuant to a long-term contract, and was ultimately used for vehicle fuel, or other purposes. *Id.* ¶ 7. Under its agreement with PSE, BEW received income based on a formula which had two inputs. The first input was the natural gas commodity price and the second input was the value of the so-called D-3 "Renewable Identification Numbers" ("RINs") that are generated by BEW based on the re-sale of the RNG to third parties to assist them in meeting their obligations under the U.S. EPA's Renewable Fuel Standard. Dkt. 37 at 2-3. These two component inputs into the pricing formula resulted in the price PSE paid BEW for the RNG.

### C. The County's Emissions Credits Agreement with PSE.

| PLAINTIFF'S MOTION FOR SANCTIONS- 2<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |
|---|---|

The County entered a separate Purchase and Sale Agreement with PSE in 2011 ("PSE Agreement") for the sale of "Emission Credits" the County retained under the PDA. PDA Section 4.13; Dkt. 37-1 at pages 54-65 of 72 (PSE Agreement). The 2011 PSE Agreement had an initial eleven-year term which would have been *automatically extended*, without any further action being required of the parties, to February 11, 2026. PSE Agreement § 1.1.

The County, however, *terminated* the PSE Agreement. Specifically, on March 29, 2019, Pat McLaughlin (Division Director of the County's Solid Waste Division) sent an email to Bill Donohue of PSE. Rauch Decl. Exhibit 1 at KC-0003585. Attached to Mr. McLaughlin's email is a March 29, 2019, letter from Mr. McLaughlin to Puget Sound Energy, Inc., bearing the following topic heading: "**RE: Notice of Termination of Purchase and Sale Agreement at End of Initial Term.**" Rauch Decl. Exhibit 1 at KC-0003586 (emphasis in original). Mr. McLaughlin's letter states, in part:

> We refer to the enclosed Purchase and Sale Agreement between Puget Sound Energy ("PSE") and King County, Washington ("King County"). Dated February 11, 2011 (the "Agreement"). All capitalized terms used but not herein defined shall have the meanings set forth in the Agreement.
>
> Under Section 1.1 of the Agreement King County may terminate the Agreement as of the end of the Initial Term by providing written notice of such termination to PSE not less than 180 days before the end of the Initial Term. King County hereby notifies PSE that King County is terminating the Agreement effective as of the end of the Initial Term, which is December 31, 2022.

Rauch Decl. Exhibit 1 at KC-0003586.

The County and PSE eventually signed a new, replacement six-month agreement in late December of 2022 that ran from January 1, 2023, to June 30, 2023. *See* Dkt. 43-2 (Exhibit 2 to Supplemental Declaration of Charles Packard).

### D. The Importance of the County's Termination of the 2011 PSE Agreement.

The County's termination of its 2011 PSE Agreement is a material part of BEW's claims. BEW asserts that the County engaged in a bad faith course of conduct designed to force BEW to shut down and abandon the Plant, thereby giving the County the opportunity to terminate the PDA for BEW's alleged non-performance, and then purchase the Plant from BEW for an amount far below its fair market value, thereby causing a loss to BEW of tens of millions of dollars. Am. Compl. ¶¶ 74-86 and 106-15.

By terminating the PSE Agreement and falsely claiming that any value derived from the sale of D-3 RINs is included within the definition of "Emissions Credits" under the PDA – the County deprived PSE of the necessary legal certainty regarding its ability to resell the BEW RNG into markets eligible for the D-3 RINs. This, in turn, caused PSE to cease paying BEW for the value of the RINs, Am. Compl. ¶¶ 111-12, which resulted in a devastating 90% reduction in the price PSE was able to offer from BEW for its RNG. Am. Compl. ¶ 113.

### E. The County's Misrepresentations.

In its Third Amended Answer (Dkt. 26, filed September 6, 2023), the County stated: "The County further admits that it terminated its 2011 Agreement for the Sale of Emission Credits with PSE." *Id*. at page 14, ¶ 79. Such an admission was appropriate and objectively unavoidable, given Mr. McLaughlin's termination email and letter to PSE.

It did not take long, however, for the County to begin twisting the facts. On September 14, 2023 – just eight days after filing its Third Amended Answer – the County filed its Motion to Dismiss (Dkt. 28) and therein misled the Court by stating: "In 2011, the County and Puget Sound Energy entered a contract for the County to sell to Puget Sound Energy the Emissions

Credits arising from BEW's processing of landfill gas into renewable natural gas.... *When the County's agreement with Puget Sound Energy expired, it chose not to renew, thus terminating the agreement.*" Dkt. 28 at 4 (emphasis added). The County **knew** the PSE Agreement did not "expire" and "thus terminate," as described by the County. Nevertheless, the County chose to blatantly misrepresent the facts to the Court.

The County "doubled down" on its misrepresentations when it filed its October 6, 2023, Reply in Support of Motion to Dismiss (Dkt. 30) and made multiple misrepresentations therein about its so-called "expired contract" with PSE and its decision "not to renew" the PSE agreement. *See, e.g*, Dkt 30 at 1 ("...non-renewal of a separate contract with Puget Sound Energy"); *id*. at 2 ("at the time the County declined to renew its agreement with Puget Sound Energy"); *id*. at 3 n.1 ("... its decision not to renew its contract with PSE"); *id*. at 4 ("choosing not to renew the County's agreement with PSE for the sale of emissions credits"); *id*. ("the County's expired contract to sell emissions credits to PSE"); *id*. at 6 ("the County's expired agreement to sell emissions credits to PSE"); *id*. at 11 ("electing not to renew its contract to sell emissions credits to PSE"); *id*. ("decision not to renew a contract selling emissions credits to PSE"). Once again, the County chose to misstate the facts and attempted to conceal the County's affirmative termination of the PSE Agreement in order to make its actions appear totally innocent, and acceptable.

Digging an even deeper hole for itself, the County included similar misrepresentations to the Court in its November 16, 2023, Motion for Partial Summary Judgment, (Dkt. 36) which was supported a declaration from Mr. McLaughlin, the head of the Solid Waste Division. Dkt.

39. Mr. McLaughlin sent the March 29, 2019, termination email and letter to PSE; yet Mr. McLaughlin stated in his declaration, under penalty of perjury:

> In 2011, the County and Puget Sound Energy entered an agreement governing the County's sale of Emissions Credits to Puget Sound Energy (the "PSE Agreement"). The PSE Agreement is an entirely separate agreement from the PDA, and is solely between the County and Puget Sound Energy. BEW is not a party. *On June 30, 2023, the PSE Agreement expired by its own terms and the County did not renew the contract.*

Dkt. 39 at ¶ 6 (emphasis added).

The County parroted Mr. McLaughlin's blatant misrepresentation in its Motion. Dkt. 36 at 7 ("On June 30, 2023, the PSE Agreement expired by its own terms and the County did not renew the contract.").

The foregoing statements -- that the 2011 PSE Agreement "expired by its own terms," and "was not renewed by the County" -- ***are false; and the County and Mr. McLaughlin knew these statements were false***. The County had already admitted in its Answer that it terminated the PSE Agreement (Dkt. 26, at page 14, ¶ 79); and Mr. McLaughlin is the very same County official who signed and emailed the termination letter to PSE on March 29, 2109. Yet Mr. McLaughlin and the County chose to weave for the Court a false narrative of "innocence," and falsely represented that the PSE Agreement "expired by its own terms" and that the County simply "chose not to renew" the agreement.

**F. BEW's Futile Attempts to Have the County Withdraw its Misrepresentations.**

BEW challenged the false statements of Mr. McLaughlin and the County in BEW's December 4, 2023, Response to the County's Motion for Partial Summary Judgment (Dkt. 40). BEW's response, however, did not cite to Mr. McLaughlin's termination email and letter, because BEW was not aware, at that time, that copies of the email and letter were included

PLAINTIFF'S MOTION FOR SANCTIONS- 6
CASE NO. 2:23-CV-00542-LK

LAW OFFICES OF ROBERT J. RAUCH
25141 STAR VIEW ROAD
MT. VERNON, WASHINGTON 98237
TEL: 360-708-7296

among documents (5155 pages) the County produced to BEW on October 26, 2023. Rauch Decl at ¶4. BEW instead relied upon indirect evidence of the County's termination, including the following:

> As noted in the Supplemental Declaration of Charles Packard, the foregoing statements by Mr. McLaughlin and the County are patently false, and represent a serious misrepresentation of what the County actually did. Mr. Packard provides the following facts: "As set out in Exhibit 7 to my Original Declaration, the initial eleven-year term of the P&S Agreement would have been automatically extended, without any further action being required of the parties, to 15 years after the execution date. See Section 1.1 of the P&S Agreement. Had the County allowed that provision to operate of its own force, the P&S Agreement would have been automatically extended to February 11, of 2026." Supp. Packard Decl. at ¶ 3.
>
> In reality, the County served PSE in 2019 with notice that it intended to terminate the 2011 Purchase and Sale Agreement at the end of its initial 11-year term. Confirmation of such termination has been provided by Bill Donahue, the consultant to PSE who handled the agreement for PSE. *Id.* at ¶¶3-6. Further proof that the original 2011 Purchase and Sale Agreement was, in fact, terminated is provided by the fact that PSE and the County eventually signed a new, replacement six-month agreement in late December of 2022 that ran from January 1, 2023 to June 30, 2023. *Id.* at ¶5. *See also* Exhibit 2 to Supp. Packard Declaration. Even Ms. Christie True, the head of the County's Department of Natural Resources and Parks, acknowledged to Charles Packard, C.E.O. of BEW, in January of 2023 that the County had terminated the original 2011 Purchase and Sale Agreement with PSE. *Id.* at ¶9.

Dkt. 40, at 13.

In its Reply (Dkt. 45; filed December 8, 2023), the County attempted to gloss over its misrepresentations in a cavalier "so what" footnote:

> BEW accuses the County of engaging in 'serious misrepresentation' by stating the PSE Agreement expired by its own terms. This is a red herring because whether the PSE Agreement ended by termination or non-renewal does not impact whether BEW experienced an Event of Force Majeure -- the bottom line is that the County had no obligation to BEW to remain in a contract with PSE that was so unfavorable to the County, it resulted in

> litigation between the County and PSE. *See* Dkt. 42 (Knightlinger Decl.) at 2 ¶ 5. In any case, for the sake of clarity, the County terminated the PSE Agreement at the end of its initial 11 year term. *See* Dkt. 37-1 (Packard Decl.), Ex. 7, Section 1.1. The County and PSE then entered a new 6-month contract that expired by its own terms. *See* Dkt. 43-2 (Supp. Packard Decl.), Ex. 2, Section 1.

Dkt. 45 at 11 n.3.

BEW remained extremely concerned that the County's misrepresentations were still of record and might be relied upon by the Court in making its decision regarding the pending dispositive motions. Hence, after locating Mr. McLaughlin's termination email and letter, BEW promptly requested the County on January 3, 2024, to immediately amend and correct those pleadings which claim that the PSE Agreement "expired by its own terms," and "was not renewed by the County." Rauch Decl. at ¶5. BEW advised the County: "Time is of the essence given that the County's Rule 12(c) motion, and its PSJ motion are currently pending before the Court." *Id*. and Rauch Decl. Exhibit 2. BEW made follow-up requests to the County on January 5 and 8, 2024. Rauch Decl. at ¶¶6-8 and Exhibits 3-5.

On January 8, 2024, in an email from Ms. Gammell, the County informed BEW that it would not comply with BEW's request and stated that it had already admitted that it had terminated the PSE Agreement in its Answer and had acknowledged the same in a footnote to its Reply brief (Dkt. 45). Ms. Gammell concluded her email by stating: "This is more than adequate to address the concerns you raise. Further action involving the court on this point is not warranted and would amount to a waste of judicial time and resources." Rauch Decl. Exhibit 6.

Mr. Rauch responded later the same day in an email to Ms. Gammell, and stated:

| PLAINTIFF'S MOTION FOR SANCTIONS- 8<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |
|---|---|

> Thanks for your note. I strongly urge you, your fellow counsel, and your client to reconsider their refusal to file corrected pleadings and discovery responses.
>
> By pointing to the County's Answer in which it admitted that it terminated the 2011 Purchase and Sale Agreement with PSE, you have just provided incontrovertible evidence that the County *knowingly attempted* to mislead the Court in its subsequent pleadings when it claimed that the Agreement "expired of its own terms," and that the County simply "elected not to renew it." Furthermore, Mr. McLaughlin has committed perjury in his sworn declaration, and apparently is now refusing to correct it.

Rauch Decl. at ¶10 and Exhibit 6. BEW went on to ask the County to re-consider its decision. As of the date of the service of this Motion, the County has not responded to that request. Rauch Decl. at ¶10. Further, as of the date of the filing of this Motion, the County has not filed amended and corrected pleadings or filed an amended and corrected declaration by Mr. McLaughlin.

Because of the County's refusal to file a corrected declaration and corrected pleadings, BEW believed it was obligated to notify the Court of its discovery of the McLaughlin termination email and letter and attempt to correct the record before the Court ruled on the pending motions. Further, because BEW did not locate the McLaughlin termination email and letter until after briefing on the pending motions was closed, BEW believed such extraordinary circumstances warranted an exception to Local Civil Rule 7(g) and sought to bring these matters to the Court's attention through the Motion to Strike it filed on January 10, 2024. Dkt. 50. The Court, however, disagreed and denied BEW's motion to strike as violative of LCR 7(g). Dkt. 51. Regardless, the issue now before the Court is the impropriety of the County's conduct and whether sanctions should be imposed.

### III. LEGAL STANDARDS

PLAINTIFF'S MOTION FOR SANCTIONS- 9
CASE NO. 2:23-CV-00542-LK

LAW OFFICES OF ROBERT J. RAUCH
25141 STAR VIEW ROAD
MT. VERNON, WASHINGTON 98237
TEL: 360-708-7296

### A. Rule 11(b)(3) of the Federal Rules of Civil Procedure.

Rule 11(b)(3) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ***
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Rule 11 "was designed to create an affirmative duty of investigation both as to law and as to fact before motions are filed" and "creates an objective standard of 'reasonableness under the circumstances.'" *Golden Eagle Distr. Corp. v. Burroughs*, 801 F.2d 1531, 1536 (9th Cir. 1986) (quoting Advisory Committee Note, 97 F.R.D. 165, 198 (1983)).

If a court determines (after notice and opportunity to respond) that a violation of Rule 11(b) has occurred, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"In appropriate circumstances, a district court may impose a punitive sanction for the filing of a paper that lacks factual foundation and is intended to mislead the Court and opposing parties, even if the paper does not significantly delay proceedings, because of the disrespect shown to judicial process." *Mercury Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 156 (C.D. Cal. 1987). *See, e.g., S.E.C. v. Smith,* 798 F.Supp.2d 412, 433, 441 (N.D.N.Y. 2011) (Rule 11 sanctions imposed based on filing of false declaration); *Obert v. Republic Western Ins. Co.*, 264 F. Supp.2d 106, 121 (D. R.I. 2003) (Rule 11 sanctions imposed based on filing of false affidavit).

### B. Rule 56(h) of the Federal Rules of Civil Procedure.

Rule 56(h) concerns the submission of affidavits or declarations in support of or in opposition to motions for summary judgment and authorizes the imposition of sanctions for the submission of an affidavit or declaration "in bad faith."

"An affidavit is submitted in bad faith when it 'knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue.'" *Coble v. Renfroe*, No. C11-0498-RSM, 2012 WL 4971997 * 2 (W.D. Wash. Oct. 17, 2012) (citations omitted). Under Rule 56(h), a court may "impose sanctions against parties for filing false affidavits in conjunction with a Rule 56 summary judgment motion." *Natural-Immunogenics Corp. v. Newport Trial Group*, No. CV 15-02034, 2016 WL 11520757, * 2 (N.D. Cal. June 16, 2016).

BEW notes that in *Coble* sanctions were sought after the Court granted defendant's summary judgment and the court held sanctions were not warranted since the subject affidavit was immaterial and had no effect on the outcome of the summary judgment motion. *Coble, supra,* 2012 WL 4971997 * 1 and 3 (citing *Faberge, Inc. v. Saxony Products, Inc.,* 605 F.2d 426, 429 (9th Cir.1979)). Such facts are not present here, however. Moreover, BEW submits it is not necessary that the offending conduct affect the outcome of the case or a motion:

> The text of Rule 56(h) does not support the conclusion that the offending conduct must affect the outcome of the case or motion. The rule focuses on the "submi[ssion]" of an affidavit in bad faith rather than the effect of or reliance on the affidavit.

*Luscier v. Risinger Bros. Transfer, Inc*., No. 13-cv-8553, 2015 WL 5638063 * 9 (S.D. N.Y. September 17, 2015).

This Court also, of course, has inherent powers which may be used to impose sanctions in appropriate circumstances. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1987).

PLAINTIFF'S MOTION FOR SANCTIONS- 11
CASE NO. 2:23-CV-00542-LK

LAW OFFICES OF ROBERT J. RAUCH
25141 STAR VIEW ROAD
MT. VERNON, WASHINGTON 98237
TEL: 360-708-7296

"Sanctioning a party or its counsel for the filing of false or seriously misleading affidavits is appropriate under these inherent powers, whether the Court makes a specific contempt finding or not, to maintain the authority and dignity of the Court." *Mercury Serv., Inc., supra,* 117 F.R.D. at 158.

### IV. ARGUMENT

There can be no dispute that the subject statements by the County and Mr. McLaughlin were false. Unfortunately, one can also only conclude that the misrepresentations by the County and Mr. McLaughlin were knowing and intentional ones. Indeed, Mr. McLaughlin's declaration is the epitome of a "bad faith" submission: "An affidavit is submitted in bad faith when it 'knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue.'" *Coble, supra,* 2012 WL 4971997 *2.

The misrepresentations by the County and Mr. McLaughlin were not immaterial ones. The County's affirmative termination of the PSE Agreement is one of ***the most important*** facts in this case – yet the County and Mr. McLaughlin elected to present a false narrative in an effort to lead the Court to believe the County is "innocent" and did not "terminate" the Agreement.

The County also acted improperly when it refused to make a proper and transparent correction of its misstatements. The filing with the Court of false statements is a serious matter. When those false statements are discovered, the parties and their respective counsel are obligated to candidly advise the Courts of those inaccuracies and fully correct them in the record.

The County, however, refused to do this. When it filed its Reply (Dkt. 45), the County used a footnote to quietly admit it terminated the PSE Agreement – as if the County wanted to

| PLAINTIFF'S MOTION FOR SANCTIONS- 12<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |
|---|---|

gloss over/further hide the truth from the Court – and took no steps to formally withdraw from the record the false statements in its motions/briefs and in Mr. McLaughlin's declaration. And after BEW located and confronted the County with Mr. McLaughlin's termination email and letter, the County flatly refused BEW's multiple requests to make a candid and meaningful record amendment and correction of its false statements – again, as if the County wanted to further hide the truth from the Court. The County's repeated refusals to withdraw and correct Mr. McLaughlin's perjurious declaration, which remains in the record, are particularly egregious.

This Court should exercise its authority under Rules 11 and 56(h) – and/or under its inherent powers -- and impose appropriate sanctions on the County, Mr. McLaughlin, and/or counsel for their pattern of intentional deceit.

Regarding the "appropriate" sanctions, Rule 11 sanctions must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

Under Rule 56(h), the Court may order the party submitting an affidavit or declaration in bad faith "to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result," and the "offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." Fed. R. Civ. P. 56(h).

PLAINTIFF'S MOTION FOR SANCTIONS- 13
CASE NO. 2:23-CV-00542-LK

LAW OFFICES OF ROBERT J. RAUCH
25141 STAR VIEW ROAD
MT. VERNON, WASHINGTON 98237
TEL: 360-708-7296

As noted above, sanctions under Rule 11 should "deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4). In that regard, the County *has just recently filed yet another pleading that contains the same false statements about the alleged "expiration" of the PSE Agreement*. On January 24, 2024, the County filed a Motion for Leave to File Third Amended Counterclaims, Dkt. 52, and the County's proposed filing (Dkt. 52-1) includes (uncorrected) misstatements about the "expiration and "non-renewal" of the PSE Agreement. *See* Dkt. 52-1 at page 50, ¶ 98(b) ("the County's decision to not renew its separate contract with PSE"); *id*. at page 50, ¶ 99 ("the County was not legally obligated to renew its expired agreement with PSE"); *id*. at page 66, ¶ 184 ("the County's decision not to renew its agreement with PSE"). And the County supported its Motion with another Declaration from Mr. McLaughlin (Dkt. 53), whose prior perjurious declaration remains in the record, uncorrected. BEW requests that the Court's sanctions deter further repetition of such misstatements by the County.

Considering the foregoing, BEW requests that the Court – after giving the County and Mr. McLaughlin notice and an opportunity to be heard – impose the following sanctions:

1. That BEW be awarded the reasonable expenses, including attorney's fees, it incurred in challenging and/or seeking corrections of the subject false statements, including in (a) responding to the false statements in BEW's Response to the County's Motion for Partial Summary Judgment (Dkt. 40), (b) communicating with the County's counsel and demanding corrections of the statements, and (c) preparing and presenting the instant motion;

2. That the County and Mr. McLaughlin be ordered to withdraw his original declaration (Dkt. 39) and file a corrected and accurate declaration in its place;

| | |
|---|---|
| PLAINTIFF'S MOTION FOR SANCTIONS- 14<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |

3. That the County be required to amend its false pleadings, and file corrected pleadings;

4. That the County and Mr. McLaughlin be held in contempt and publicly reprimanded for their false statements; and

5. That the Court impose such other or additional sanctions as the Court deems appropriate.

Respectfully submitted, this 12th day of March 2024.

**BIO ENERGY (WASHINGTON), LLC**

By:  LAW OFFICES OF ROBERT J. RAUCH

By   */s/ Robert J. Rauch*
    Robert J. Rauch, WSBA #36031
    Attorney for Plaintiff
    25141 Star View Road
    Mount Vernon, Washington 98273
    Telephone: (360) 708-7296
    Email: Bob@rjrauch.com

By   */s/ Larry D. Moffett*
    Larry D. Moffett (*pro hac vice*)
    Law Office of Larry D. Moffett, PLLC
    39 County Road 231
    P.O. Box 1418
    Oxford, MS 38655
    Tel: 662-298-4435
    Cell: 662-801-3670
    Email: larry@larrymoffett.com
    Attorney for Plaintiff

LCR 7(e)(6) Certification
*We certify that this memorandum contains 4189 words, in compliance with the Local Civil Rules.*

## RULE 11(c)(2) CERTIFICATION

In accordance with Fed. R. Civ. P. 11(c)(2), I hereby certify that (1) I served this motion on Defendant under Rule 5 on February 6, 2024, more than twenty-one (21) days before BEW filed this motion with the Court, and (2) as of the date of the filing of this motion, the County has not withdrawn nor appropriately corrected the statements and Declaration that are the subject of this motion.

DATED this 12th day of March 2024.

By: */s/ Robert J. Rauch*
Robert J. Rauch, WSBA #36031
Attorney for Plaintiff
25141 Star View Road
Mt. Vernon, Washington 98237
Telephone: (360) 708-7296
Email: Bob@rjrauch.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 12th day of March 2024, I served the foregoing document, pursuant to the Agreement for Electronic Service dated May 12, 2023 executed by the Parties, by email on the attorneys, paralegals, and practice assistants for Defendant set out in said Agreement.

DATED this 12th day of March 2024.

By  */s/ Larry D. Moffett*

| PLAINTIFF'S MOTION FOR SANCTIONS- 16<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Larry D. Moffett (*pro hac vice*)
Law Office of Larry D. Moffett, PLLC
39 County Road 231
P.O. Box 1418
Oxford, MS 38655
Tel: 662-298-4435
Cell: 662-801-3670
Email: larry@larrymoffett.com
Attorney for Plaintiff

| PLAINTIFF'S MOTION FOR SANCTIONS- 17<br>CASE NO. 2:23-CV-00542-LK | LAW OFFICES OF ROBERT J. RAUCH<br>25141 STAR VIEW ROAD<br>MT. VERNON, WASHINGTON 98237<br>TEL: 360-708-7296 |
|---|---|