UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, WASHINGTON,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:23-cv-00542-LK<br><br>ORDER DENYING MOTION FOR SANCTIONS |

　　　　This matter comes before the Court on Plaintiff Bio Energy (Washington), LLC's Motion for Sanctions under Federal Rules of Civil Procedure 11 and 56(h). Dkt. No. 61. Bio Energy (Washington), LLC ("BEW") alleges that Defendant King County, Washington (the "County") misleadingly represented in its filings that a third party contract expired by its own terms when in fact, the County terminated that contract. *Id.* at 1. For the reasons set forth below, the Court denies the motion.

ORDER DENYING MOTION FOR SANCTIONS - 1

## I. BACKGROUND

The facts underlying this dispute are set forth in the Court's order regarding the parties' cross motions for partial summary judgment. Dkt. No. 55. Rather than rehashing those facts, the Court focuses on the facts related to this motion.

BEW and the County are parties to an Amended and Restated Project Development and Gas Sales Agreement (the "PDA"). Dkt. No. 39-1. The parties dispute who owns "Emissions Credits" as defined in the PDA. *See id.* at 19, 71.

In 2011, the County and Puget Sound Energy ("PSE") entered into an agreement (the "PSE Agreement") governing the County's sale of Emissions Credits to PSE. Dkt. No. 39 at 2. BEW is not a party to the PSE Agreement. *Id.* In 2019, the County sent PSE a Notice of Termination of the PSE Agreement, effective at the end of the initial term on December 31, 2022. Dkt. No. 61-1 at 8. Before that initial term ended, PSE and the County entered into a six-month agreement starting on January 1, 2023 for PSE's purchase of Landfill Emission Credits or Product Gas Credits; that agreement expired on June 30, 2023. Dkt. No. 43-2 at 2–13 (the "New PSE Agreement").

## II. DISCUSSION

A.  **Legal Standards**

Federal Rule of Civil Procedure 11 authorizes courts to impose a variety of sanctions to "deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991). "A party violates Federal Rule of Civil Procedure 11(b) by submitting pleadings for an improper purpose or making claims or factual contentions without legal or evidentiary support." *Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937-JLR, 2013 WL 2319401, at *2 (W.D. Wash. May 28, 2013). Such sanctions are "an extraordinary remedy" and thus "reserved for the rare and exceptional cases where the action is clearly frivolous, legally

unreasonable or without legal foundation, or brought for an improper purpose." *Lee v. Pow Ent., Inc.*, No. 20-55928, 2021 WL 5768462, at *2 (9th Cir. Dec. 6, 2021) (cleaned up).

A court may impose sanctions under Federal Rule of Civil Procedure 56(h) against a party who submits under Rule 56 an affidavit or declaration "in bad faith or solely for delay[.]" "An affidavit is submitted in bad faith when it knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue." *Coble v. Renfroe*, No. C11-0498-RSM, 2012 WL 4971997, at *2 (W.D. Wash. Oct. 17, 2012) (citation and quotation marks omitted); *see also Mercer Publ'g Inc. v. Smart Cookie Ink, LLC*, No. C12-0188-JLR, 2012 WL 12863933, at *2 (W.D. Wash. Nov. 27, 2012) (declining to impose sanctions under Rule 56(h) "absent some affirmative showing that Defendants acted in bad faith or with intent to delay").

A federal court's inherent authority also "includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "A court may levy a sanction on the basis of its own inherent power when a party has acted in bad faith, vexatiously, wantonly or, for oppressive reasons." *E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 F. App'x 657, 659 (9th Cir. 2011) (citation and quotation marks omitted); *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (holding that a finding of bad faith is required to impose sanctions under a court's inherent powers). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

**B.    Sanctions Are Not Warranted Here**

BEW argues that the County repeatedly represented in its filings related to its motion to dismiss and motion for partial summary judgment that the PSE Agreement "expired" by its own

ORDER DENYING MOTION FOR SANCTIONS - 3

terms and the County did not "renew" it, when in fact the County "terminated the PSE Agreement." Dkt. No. 61 at 3, 5 (emphasis omitted). BEW contends that the County's statements were false and/or misleading because the PSE Agreement "would have been automatically extended, without any further action being required of the parties, to February 11, 2026" if the County had not terminated it. *Id.* at 3 (emphasis omitted).

Specifically, BEW takes issue with the following statement in the County's Motion for Judgment on the Pleadings to Dismiss Plaintiff's Claim for Breach of Implied Duty of Good Faith and Fair Dealing: "When the County's agreement with Puget Sound Energy expired, it chose not to renew, thus terminating the agreement." Dkt. No. 61 at 5 (emphasis omitted) (quoting Dkt. No. 28 at 6). BEW contends that in the County's reply in support of the same motion, the County "made multiple misrepresentations therein about its so-called 'expired contract' with PSE and its decision 'not to renew' the PSE agreement." *Id.* (quoting Dkt. No. 30 at 1–4, 6, 11, & 3 n.1). BEW further avers that the County included similar statements in its motion for partial summary judgment and in the supporting declaration of Pat McLaughlin. *Id.* at 5–6; Dkt. No. 36 at 9 ("On June 30, 2023, the PSE Agreement expired by its own terms and the County did not renew the contract."); Dkt. No. 39 at 2 (same).

The County responds that it "has been honest in its representations to the Court on this subject: the County chose to end its first agreement with PSE at the end of its initial 11-year term, and then entered a new six-month contract with PSE that expired by its own terms." Dkt. No. 67 at 1. It notes,

> [W]hile the description of how the First and Second PSE Agreements ended could have been more precise, references to "expiration" are clearly intended to reference the Second PSE Agreement, which is reasonable considering (1) BEW's claim for breach of the implied duty of good faith and fair dealing was brought two months after the June 2023 expiration of the Second PSE Agreement, and (2) BEW specifically alleged incurring damages as of the time the County was no longer under any contract with PSE to sell the County's emissions credits[.]

*Id.* at 8.

Even if some of the above-quoted statements could have been written more clearly to differentiate between the PSE Agreement, which the County terminated, and the New PSE Agreement, which expired, the statements do not reflect frivolousness, an improper purpose, or the lack of "factual foundation" required for Rule 11 sanctions. *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); Fed. R. Civ. P. 11(b)(1), (3).[1] Rule 11's requirement for factual support requires "some evidence" to support a party's factual allegations, and such evidentiary support can include "the reasonable inferences drawn from that evidence." *MetLife Bank, N.A. v. Badostain*, No. 1:10-CV-118-CWD, 2010 WL 5559693, at *6 (D. Idaho Dec. 30, 2010). Here, the PSE Agreement ended on December 31, 2022, Dkt. No. 61-1 at 8, and the New PSE Agreement expired on June 30, 2023, Dkt. No. 39 at 2. Thus, a reasonable inference from the County's statements referencing the June 30, 2023 expiration date was that they accurately referred to the New PSE Agreement, which expired on that day. *See id.*; Dkt. No. 36 at 9.

Furthermore, the Court can and does consider the context around the statements to determine if they were baseless or misleading. *See, e.g.*, *Fed. Trade Comm'n v. Kochava Inc.*, No. 2:22-cv-00377-BLW, 2023 WL 7283113, at *5 (D. Idaho Nov. 3, 2023). The context makes it clear that the County's references to its decision "not to renew" referred to the New PSE Agreement that expired in 2023, not to the PSE Agreement that ended in 2022. *See, e.g.*, Dkt. No. 28 at 3 (writing in a filing in 2023 that "[e]arlier *this year*, the County elected not to renew its agreement with PSE, and the agreement expired on its own terms." (emphasis added)). Similarly, as the County notes, it appears that BEW's decisions to declare a force majeure event and to amend

---

[1] BEW does not contend that the County's statements lack legal support. Fed. R. Civ. P. 11(b)(2). Also, even if the County's statements had been confusing, which they were not, such confusion alone does not justify sanctions. *See, e.g.*, *Cedar Park Assembly of God of Kirkland, Wash. v. Kreidler*, 673 F.Supp.3d 1169, 1178 (W.D. Wash. 2023) (finding that the State's "omission, while confusing, [wa]s not sanctionable").

ORDER DENYING MOTION FOR SANCTIONS - 5

its complaint to add a claim for breach of the duty of good faith and fair dealing in 2023 were precipitated by the County's recent decision not to renew the New PSE Agreement—not by the County's years-earlier 2019 decision to terminate the PSE Agreement. Dkt. No. 67 at 3–4; *see also* Dkt. No. 22 at 42–44 (amended complaint); Dkt. No. 39-2 at 3 (BEW's June 29, 2023 letter declaring a force majeure event based on "the *recent* decision by the County *not to renew* its Purchase and Sale Agreement with Puget Sound Energy" (emphasis added)); *see also id.* (BEW referring to the County's decision "not to renew" the agreement three more times). The County thus used the same non-renewal language in its briefing related to its motion to dismiss and motion for partial summary judgment. Dkt. No. 67 at 4–8; *see also* Dkt. No. 28 at 3; Dkt. No. 30 at 1–4, 11; Dkt. No. 36 at 9. In light of that context, it is clear that the County's references to renewal and expiration were not misleading, without factual support, or indicative of bad faith.

The County's other filings further undermine BEW's allegation of an intent to mislead and bad faith. The County's third amended answer explicitly stated that "it terminated its 2011 Agreement for the Sale of Emission Credits with PSE." Dkt. No. 26 at 14. The County made a similar statement in its reply in support of its motion for partial summary judgment. Dkt. No. 45 at 12–13 n.3 (explaining that "the County terminated the PSE Agreement at the end of its initial 11 year term" and "[t]he County and PSE then entered a new 6-month contract that expired by its own terms"). These clear statements in filed documents undermine BEW's assertion that the County was operating in bad faith or with intent to mislead the Court.

Despite BEW's professed concern that the County has misled the Court, Dkt. No. 61 at 1–2, the Court has not been misled or confused. The Court's order on the parties' motions for partial summary judgment explained that in 2019, the County "informed PSE that it intended not to renew the 2011 PSE Agreement upon the expiration of the initial term." Dkt. No. 55 at 6. The Court noted BEW's contention that the PSE Agreement "would have continued if the County had not issued

an early termination notice to PSE[.]" *Id.* at 32 n.14. Then "PSE and the County entered into a six-month agreement for PSE's purchase of Landfill Emission Credits or Product Gas Credits; that agreement expired on June 30, 2023." *Id.* at 6. That recitation of the facts is consistent with BEW's version, *see, e.g.*, Dkt. No. 61 at 3, and shows that there is no need for the County to withdraw and amend its filings as BEW seeks, *id.* at 14–15.

Finally, the Court notes that this is the second time BEW has wasted the Court's scant resources by filing a motion where the primary aim seems to be to reiterate its arguments regarding how the County's agreements with PSE ended. *See* Dkt. No. 51 (denying BEW's improperly filed motion to strike and noting that BEW's motion was "an improper attempt to place more arguments before the Court on the pending motions"). BEW's strident and unsupported accusations of misconduct against the County display a level of professionalism far below that which the Court expects from attorneys practicing before it. *See* Introduction to the Local Civil Rules ("The judges of this district expect a high degree of professionalism from the lawyers practicing before them."); *see also, e.g.*, Dkt. No. 61-1 at 3–4. Any further baseless motions or accusations may be stricken and result in the imposition of sanctions.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES BEW's motion for sanctions. Dkt. No. 61.

Dated this 29th day of April, 2024.

*Lauren King*
Lauren King
United States District Judge