UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC,<br><br>  Plaintiff,<br>  v.<br><br>KING COUNTY, WASHINGTON,<br><br>  Defendant. | CASE NO. 2:23-cv-00542-LK<br><br>ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS |

This matter comes before the Court on Defendant King County's Motion for Leave to File Third Amended Counterclaims. Dkt. No. 52. For the reasons set forth below, the Court grants the motion.

## I.  BACKGROUND

The facts underlying this dispute are set forth in the Court's order regarding the parties' cross motions for partial summary judgment. Dkt. No. 55. Rather than rehashing those facts, the Court focuses on the recent developments that spawned the proposed new counterclaims.

King County (the "County") filed its second amended counterclaims on September 6, 2023, shortly after Bio Energy (Washington), LLC ("BEW") shut down its landfill gas processing plant

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 1

(the "Plant") from June 30 to July 21, 2023, and on August 11, 2023. Dkt. No. 26; Dkt. No. 53 at 1.[1] On November 21, 2023, the County issued its Notice of Intent to Terminate (the "Notice") pursuant to Section 13.3 of the parties' Amended and Restated Project Development and Gas Sales Agreement (the "PDA") "demanding that BEW cure its default under the PDA" and restart Plant operations. Dkt. No. 53 at 1–2.[2] BEW did not resume operation of the Plant, and on December 18, 2023, it sent the County its "120-Day Written Plan of Action." Dkt. No. 53 at 2.

Before it received BEW's December 18, 2023 plan, the County was unsure how long BEW would keep the Plant closed. *Id.* at 2–3. After reviewing the plan, the County determined that some of the items in BEW's plan were outside the parties' control, others could not realistically be accomplished within the 120-day period, and still others were aimed at increasing BEW's profits rather than necessities for BEW to resume operations. *Id.* at 2. Thus, the County concluded that BEW intends not to "resume operation of the Plant and will remain closed indefinitely unless the County accedes to certain of BEW's demands in this litigation." *Id.* The County therefore seeks to add a counterclaim for specific performance of BEW's obligations to accept the County's landfill gas under Sections 5.2.1 and 5.2.3 of the PDA. *Id.*; *see also* Dkt. No. 52 at 5.

The County also seeks to add a counterclaim for a declaratory judgment that:

> (1) BEW's closure of the Plant and refusal to accept the County's Landfill Gas is a Bio Energy PDA Default Event under Section 13.1.3 of the PDA; (2) the County issued a valid Notice of Intent to Terminate under Section 13 of the PDA; and (3) the County may terminate the PDA pursuant to Section 13.3.2 of the PDA.

Dkt. No. 52 at 5; *see also generally* Dkt. No. 52-1 (proposed amended counterclaims).

---

[1] The County's declaration incorrectly states that it filed its Second Amended Answer and Amended Counterclaims on August 24, 2023 Dkt. No. 53 at 1.

[2] The proposed third amended counterclaims and the Declaration of Pat McLaughlin state that certain exhibits are attached to those documents, but they are not. *See, e.g.*, Dkt. No. 52-1 at 55, 57 (referencing Exhibits 10 and 11); Dkt. No. 53 at 2 (referencing Exhibits A and B). That deficiency is not material for purposes of this motion because the declaration sufficiently describes the exhibits and their contents are not in dispute. However, the County must attach all exhibits when it files it third amended counterclaims in the docket.

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 2

## II. DISCUSSION

The deadline to file amended pleadings lapsed on August 24, 2023. Dkt. No. 16 at 1. The County filed this motion on January 24, 2024, Dkt. No. 52. Because the County seeks to assert claims based on events that occurred both before and after it filed its previous amended complaint, and because the deadline for amended pleadings has passed, Dkt. No. 16, Federal Rules of Civil Procedure 15(a), 15(d), and 16(b) are implicated.

**A.   Standards under Rules 15 and 16**

Federal Rule of Civil Procedure 16(b) applies to a motion to amend the pleadings after the deadline to do so has passed. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).[3] A schedule modification is appropriate only if the amended pleading deadline could not be met despite the diligence of the moving party. *Johnson*, 975 F.2d at 609. The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

---

[3] Although "[t]he legal standard for granting or denying a [timely] motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend," *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-cv-06846-EJD, 2023 WL 8188844, at *2 (N.D. Cal. Nov. 27, 2023), this Circuit has not addressed whether a party seeking to file a supplemental complaint under Rule 15(d) must meet Rule 16(b)'s good cause standard where the motion to supplement is filed after the deadline for amending the complaint. Those district courts that have addressed the issue are split. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 639–40 & nn. 13, 14 (D. Nev. 2021) (collecting cases). However, this Court agrees with the "majority approach" holding that Rule 16's good cause standard applies to a motion to supplement "based on the fact that it would require relief from other deadlines in the scheduling order, including the discovery cutoff." *Id.* at 640.

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). When the party seeking leave to amend has not been diligent, the Court may deny leave to amend. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). Conversely, if the Court determines that good cause exists, it next assesses whether the proposed amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). Rule 15(d) provides that a court may permit a party to file "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

ORDER GRANTING MOTION TO AMEND COUNTERCLAIMS - 4

of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g.*, *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

B.   **Leave to Amend is Warranted**

The County argues that it has been diligent and filed this motion "soon after the final events giving rise to its new proposed counterclaims." Dkt. No. 52 at 2. Specifically, it filed its motion promptly after BEW (1) "fail[ed] to cure its default by December 21, 2023," and (2) sent its December 18, 2023 plan confirming its indefinite closure of the Plant. *Id.* BEW does not dispute the County's diligence. *See generally* Dkt. No. 54. The Court finds that the County sought to amend promptly after the events giving rise to its new counterclaims, and has therefore provided good cause under Rule 16 to amend after the deadline.

Turning to Rule 15, BEW does not argue that it will be prejudiced by the proposed amendments or that the County has engaged in undue delay, bad faith, or repeated failure to cure deficiencies in its pleadings. *See generally id.* The absence of those issues weighs in favor of granting the amendments.

BEW focuses its opposition on the futility factor. *Id.* at 2–8. It argues that the County's new counterclaims "are premised on the alleged failure of BEW to accept all landfill gas collected by the County and to run its Plant," which contradicts the County's assertion that it is unable to perform under the PDA—as reflected in the County's declaration of force majeure and contention that it can no longer accept BEW's Plant Condensate and dispose of it in the leachate lagoons. *Id.* at 4–5. According to BEW, because the County is not "ready, willing, and able" to perform under the PDA, it is not entitled to specific performance. *Id.* (quoting, inter alia, *O'Connor v. Jackson*, 62 P. 761, 762 (Wash. 1900)). BEW argues that the County's proposed counterclaim for a declaratory judgment is futile for the same reason, i.e., the County's professed inability to perform has relieved BEW of its obligation to perform. *Id.* at 6–7.

"Denial of leave to amend due to futility is 'rare,' and district courts ordinarily 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Wash. Schs. Risk Mgmt. Pool v. Am. Re-Ins. Co.*, No. 21-CV-00874-LK, 2023 WL 5036075, at *7 (W.D. Wash. Aug. 8, 2023) (quoting *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, No. C20-00401-RSM, 2021 WL 5038783, at *2 (W.D. Wash. Oct. 29, 2021)). Thus, leave to amend should be denied only if it is "beyond doubt" that the proposed amended pleading would be subject to dismissal for failure to state a claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987); *accord Taylor v. Alore, LLC*, No. C19-5086-BHS, 2019 WL 4058980, at *2 (W.D. Wash. Aug. 27, 2019).

Here, it does not appear "beyond doubt" that the County's proposed amended counterclaims are futile. *DCD Programs, Ltd.*, 833 F.2d at 188. As BEW notes, the County is permitted to plead potentially inconsistent defenses. Dkt. No. 54 at 2; *see* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Thus, the County may plead that it cannot accept BEW's Plant Condensate while seeking specific performance of BEW's obligations. Dkt. No. 52-1 at 43, 69–70.

In addition, under Washington law, specific performance may be granted if "a valid contract exists, a party has [threatened] or is threatening to breach the contract, the terms of the contract are clear, and the contract is not the product of fraud or unfairness." *Pardee v. Jolly*, 182 P.3d 967, 973 (Wash. 2008); *see also Shu v. Ma*, No. C21-01432-LK, 2022 WL 10428185, at *3 (W.D. Wash. Oct. 18, 2022). The County has pleaded these elements. Dkt. No. 52-1 at 63–64. Unlike in *O'Connor*, on which BEW relies, Dkt. No. 54 at 4, the County contends that it is willing to perform. Even if the County can no longer dispose of the Plant Condensate in its leachate lagoons, it has expressed its willingness to accept BEW's Plant Condensate that does not designate as dangerous waste and work with BEW to find an alternate way to dispose of it. Dkt. No. 52-1 at 50; Dkt. No. 56 at 4–5; Dkt. No. 57 at 10. And the County avers that despite its issuance of a force majeure notice to BEW, it never stopped delivering landfill gas to BEW until BEW closed the Plant. Dkt. No. 56 at 5; Dkt. No. 57 at 4–5. Therefore, BEW has not shown that the County's proposed new counterclaims for specific performance and a declaratory judgment are futile.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the County's motion to amend its counterclaims. Dkt. No. 52. The County may file its amended answer and counterclaims, with any exhibits, within 14 days of the date of this Order.

Dated this 3rd day of May, 2024.

Lauren King
United States District Judge