|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |
| 8   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |
| 9   |     |
| 10  |     |

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC, | CASE NO. 2:23-cv-00542-LK |
| Plaintiff, | ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| KING COUNTY, WASHINGTON, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Bio Energy (Washington), LLC's Motion to Approve Filing of Plaintiff's Second Amended Complaint. Dkt. No. 60. Bio Energy (Washington), LLC ("BEW") seeks to add (1) Puget Sound Energy ("PSE") as a defendant, (2) a claim for a declaratory judgment that Defendant King County, Washington ("the County") violated BEW's rights under 42 U.S.C. § 1983, and (3) three additional requests for declaratory judgment that Plant Condensate is not "solid waste" and that it is not required to accept the County's landfill gas. *Id.* at 1–2; Dkt. No. 60-1 at 3, 54–55. For the reasons set forth below, the Court grants the motion in part and denies it in part. In addition, because the Court is allowing BEW to file an

amended complaint, the Court denies as moot the County's motion for judgment on the pleadings. Dkt. No. 28.

## I.   BACKGROUND

The facts underlying this dispute are set forth in the Court's order regarding the parties' cross motions for partial summary judgment. Dkt. No. 55. Rather than rehashing those facts, the Court focuses on the facts related to this motion.

BEW and the County are parties to an Amended and Restated Project Development and Gas Sales Agreement (the "PDA"). Dkt. No. 39-1. Pursuant to the PDA, the County delivers landfill gas to BEW at the Cedar Hills Regional Landfill ("Cedar Hills"), BEW processes that landfill gas to generate alternate gas products or energy to sell to third parties, and discharges a byproduct called Plant Condensate into the County's leachate lagoons along with other wastewater. Dkt. No. 55 at 2, 8. Cedar Hills' operations also generate "Emissions Credits" as defined in the PDA, and the parties dispute the ownership of those credits. Dkt. No. 39-1 at 19, 71.

On August 8, 2023, Washington's Department of Ecology ("Ecology") issued an Inspection Report and Notice to Comply to BEW with Ecology's preliminary determination that (1) BEW Plant Condensate must be designated as "dangerous waste" under the State's Hazardous Waste Management Act, and (2) BEW is the "generator" of that dangerous waste. Dkt. No. 60-2 at 3. Although Ecology "closed out" the Notice to Comply in December 2023 because BEW stopped operating the plant, "it has stated that, once plant operations resume, BEW must comply with the condensate testing and designation requirements set out in the . . . Notice to Comply." *Id.*; *see also id.* at 24–25.

On October 25, 2023, the King County Industrial Waste Division ("KCIW") approved the County's proposed renewal permit for the discharge of wastewater from Cedar Hills. *Id.* at 2. Prior to the approval, BEW's counsel asked the County's attorney for a copy of, and an opportunity to

1  comment on, the proposed renewal permit, but its requests were unsuccessful. *Id.* at 2, 6–11. Once BEW eventually received a copy of the now-approved renewal permit, it emailed the County expressing concerns that the renewal permit would "have a material adverse impact on BEW, and, if implemented by the County, would effectively deprive BEW of the lawful use of its property." *Id.* at 2, 12. BEW also requested that the County "re-open the new permit for comment, and administratively re-instate the prior permit pending the receipt of comments from BEW and members of the public." *Id.* at 2–3, 15. The County denied BEW's request for reconsideration on December 21, 2023. *Id.* at 3, 17. The County has also denied BEW's subsequent requests for reconsideration. *Id.* at 3, 22–23.

On February 12, 2024, BEW submitted a Notice of an Event of Force Majeure to the County pursuant to the PDA, informing the County that "it could no longer accept the County's landfill gas for purification due to the virtual certainty that the condensate generated from the initial cooling and compression of the gas would be designated as 'dangerous waste' by . . . Ecology, and BEW would be tagged as the 'generator' of such waste." *Id.* at 4; *see also id.* at 26–27. BEW filed its motion to file a second amended complaint on March 12, 2024 to assert additional facts regarding events that occurred before and after it last amended its complaint on August 23, 2023. Dkt. Nos. 22, 60.

## II.   DISCUSSION

**A.    Standards under Rules 15 and 16**

Because BEW seeks to assert claims based on events that occurred both before and after it filed its previous amended complaint, Dkt. No. 22; *see* Dkt. No. 60-1 at 40–41, 45, and because the deadline for amended pleadings has passed, Dkt. No. 16, Federal Rules of Civil Procedure 15(a), 15(d), and 16(b) are implicated.

Federal Rule of Civil Procedure 16(b) applies to a motion to amend the pleadings after the

deadline to do so has passed. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).[1] A schedule modification is appropriate only if the amended pleading deadline could not be met despite the diligence of the moving party. *Johnson*, 975 F.2d at 609. The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). When the party seeking leave to amend has not been diligent, the Court may deny leave to amend. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). Conversely, if the Court determines that good cause

---

[1] Although "[t]he legal standard for granting or denying a [timely] motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend," *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-cv-06846-EJD, 2023 WL 8188844, at *2 (N.D. Cal. Nov. 27, 2023), this Circuit has not addressed whether a party seeking to file a supplemental complaint under Rule 15(d) must meet Rule 16(b)'s good cause standard where the motion to supplement is filed after the deadline for amending the complaint. Those district courts that have addressed the issue are split. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 639–40 & nn. 13, 14 (D. Nev. 2021) (collecting cases). However, this Court agrees with the "majority approach" that Rule 16's good cause standard applies to a motion to supplement "based on the fact that it would require relief from other deadlines in the scheduling order, including the discovery cutoff." *Id.* at 640.

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 4

exists, it next assesses whether the proposed amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). Rule 15(d) provides that a court may permit a party to file "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g.*, *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 5

is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

B.     **BEW May Not Join Puget Sound Energy as a Required Party**

BEW seeks to add PSE as a party "for the specific and limited purposes of BEW's request for a judgment declaring that [the "Renewable Identification Numbers" ("RINs")] associated with BEW's [renewable natural gas ("RNG")] are not included within the PDA's definition of 'Emissions Credits' and are not owned by the County. BEW seeks no other relief from PSE." Dkt. No. 60 at 7. BEW notes it is "happy to proceed without the addition of PSE as a party defendant," Dkt. No. 69 at 3, but moves to join PSE because it believes that the Court "suggested that PSE is a necessary party" in its order on the parties' cross motions for partial summary judgment, Dkt. No. 60 at 1. The County responds that BEW does not actually argue that PSE is a required party or address the applicable legal standard, and PSE is not such a party. Dkt. No. 65 at 2.

A person is a required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). To determine whether an absent person should be joined to an action, a court may consider evidence outside the pleadings. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

The Court first notes that its order on the parties' motions for partial summary judgment did not, as BEW contends, suggest that PSE is a required party. Dkt. No. 60 at 1. The Court did not express an opinion on that issue one way or the other, but required the parties to address the issue "[i]f either party files a dispositive motion related to the ownership of the RINs" due to the possibility that a ruling on that issue might affect PSE's rights under its separate contracts with the parties. Dkt. No. 55 at 30–31.

Now that the parties have briefed the issue, the Court agrees with the County that PSE is not a required party because the Court can afford complete relief without PSE. Fed. R. Civ. P. 19(a)(1)(A). The "complete relief" described in Rule 19(a)(1)(A) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). "To be 'complete,' relief must be 'meaningful relief *as between the parties*.'" *Id.* (quoting *Disabled Rights*, 375 F.3d at 879); *see also Disabled Rights*, 375 F.3d at 880 (finding that a third party was not required to be joined when the plaintiff could obtain meaningful relief "with or without" that entity). The only relief BEW seeks against PSE in its proposed second amended complaint is a judgment "declaring that RINs associated with BEW's RNG are not included within the PDA's definition of 'Emissions Credits' and are not owned by the County." Dkt. No. 60-1 at 68–69. A declaration that the RINs "are not owned by the County" is relief against the County, not PSE. *See* Dkt. No. 66-4 at 3–4. PSE is not a party to the PDA, and "[a] nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983); *Inland Nw. Renal Care Grp., LLC v. WebTPA Emp. Servs., LLC*, No. C19-1758-JCC-SKV, 2022 WL 18999836, at *4 (W.D. Wash. Dec. 29, 2022) ("Because the parties to these contracts . . . are existing parties to this suit

and will each be bound by the decisions this Court makes regarding their contractual relationships, there is no reason the Court cannot grant complete relief here."), *report and recommendation adopted*, 2023 WL 2042174 (W.D. Wash. Feb. 16. 2023). The County's third amended answer and counterclaims do not seek relief against PSE either. Dkt. No. 52-1 at 71–72.

As the County notes, a ruling determining which party owns the RINs could mean that PSE over- or underpaid for the environmental rights it purchased from the parties. Dkt. No. 65 at 7–8. But even if that ruling later obligates PSE to pay damages to a party, that eventuality does not render the Court unable to fashion meaningful relief among the existing parties. *Disabled Rights*, 375 F.3d at 880. While the rule also serves "to preclude multiple lawsuits on the same cause of action," a later action on a different contract, though potentially inefficient, would not be the same cause of action. *Aesthetic Eye Assocs., P.S. v. Alderwood Surgical Ctr., LLC*, No. 2:22-cv-00773-TL, 2023 WL 3739937, at *6 (W.D. Wash. May 31, 2023) (finding a person necessary for a counterclaim that involved his medical license but not for the parties' other claims); *see also Alto*, 738 F.3d at 1126. Accordingly, PSE does not need to be a party for the existing parties to obtain the relief they seek.

Where—as here—the Court can accord complete relief among existing parties despite an absent party, Rule 19(a)(1)(B) dictates that joinder is "contingent upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." *Reichert v. Keefe Commissary Network, L.L.C.*, 331 F.R.D. 541, 557 (W.D. Wash. 2019) (cleaned up). At the time the Court issued its order on the parties' cross motions for partial summary judgment, it was unclear whether PSE had or would claim an interest in the economic value of the RINs. Since then, PSE has disclaimed such an interest. Dkt. No. 66-4 at 4. Although PSE had a contract with the County to purchase emissions credits, that contract has ended. *Id.* at 2–3. Also no longer in effect is PSE's contract with BEW under which PSE purchased landfill gas and

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 8

environmental attributes owned by BEW. *Id.* at 3. PSE avers that because those contracts have ended, a ruling regarding who owns the RINs would not impair PSE's contractual obligations to either party. *Id.*; *see also id.* at 4 ("PSE does not have existing contractual obligations with either BEW or King County that would be impaired by a ruling in this case."). Although a party to a contract has an interest in a lawsuit "seeking to decimate that contract," *Dawavendewa v. Salt River Project Agric. Improvement and Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002), neither party is seeking a ruling that would decimate its respective—and now expired—contracts with PSE. Because PSE does not claim an interest in the subject matter, it is not a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B). The Court denies BEW's request to amend to add PSE as a party. *See* Dkt. No. 60-1 ¶¶ 2, 5, 137–143.

**C.     BEW May Add Its Section 1983 Claim**

BEW seeks to add a claim for damages and a declaratory judgment under 42 U.S.C. § 1983, alleging that the County violated its procedural due process rights by failing to (1) give it notice of the application for a renewed industrial wastewater discharge permit, (2) provide it with a copy of the draft renewal permit, and (3) allow it to comment on the proposal. *See* Dkt. No. 60 at 2, 6; Dkt. No. 60-1 at 3–4, 33, 39, 44, 67; *see also id.* at 55 (alleging that the County's refusal to allow BEW to comment on the renewal permit "violated BEW's right to due process of law under both the 14th Amendment to the United States Constitution, and 42 U.S.C. §1983," and that "BEW has been deprived of the use of its property, and is entitled to both compensatory and punitive damages under 42 U.S.C. §1983"). BEW argues that it has been diligent in seeking this amendment because the events giving rise to its Section 1983 claim recently occurred. Namely, the County "exclude[d] BEW from participation in the development of the renewal wastewater discharge permit for the Cedar Hills landfill" in October 2023 and denied its subsequent requests for reconsideration through January 2024. Dkt. No. 60 at 4–5, 9–10. The County does not specifically dispute that

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 9

BEW has been diligent in seeking to add this claim, *see generally* Dkt. No. 65, and the Court finds that it has been sufficiently diligent and proceeds to the Rule 15 analysis.

The County contends that BEW was required to appeal the decision denying BEW's request for reconsideration to the hearing examiner under King County Code ("KCC") Section 28.84.100. *Id.* at 9–10; Dkt. No. 66 at 2. According to the County, because BEW did not do so, the amendment should be denied as futile for failure to exhaust administrative remedies. Dkt. No. 65 at 10. "Denial of leave to amend due to futility is 'rare,' and district courts ordinarily 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Wash. Schs. Risk Mgmt. Pool v. Am. Re-Ins. Co.*, No. 21-CV-00874-LK, 2023 WL 5036075, at *7 (W.D. Wash. Aug. 8, 2023) (quoting *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, No. C20-00401-RSM, 2021 WL 5038783, at *2 (W.D. Wash. Oct. 29, 2021)). Thus, leave to amend should be denied on this basis only if it is "beyond doubt" that the proposed amended pleading would be subject to dismissal for failure to state a claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987); *accord Taylor v. Alore, LLC*, No. C19-5086-BHS, 2019 WL 4058980, at *2 (W.D. Wash. Aug. 27, 2019).

Section 28.84.100 provides that a person who is dissatisfied with a permitting decision, and who has made an unsuccessful request for reconsideration, must then file an appeal with the hearing examiner. KCC § 28.84.100(A). "The examiner shall hear the appeal, determine whether the decision of the director was consistent with K.C.C. 28.84.050 or 28.84.060, as applicable, this chapter and rules and regulations promulgated by the director and promptly issue a final decision[.]" *Id.* § 28.84.100(B). Finally, "[a]ppeals of the examiner's final decision shall be to the superior court or the state Pollution Control Hearings Board, as provided by law." *Id.* § 28.84.100(C). BEW disputes that it is required to exhaust administrative remedies, and argues that even if exhaustion were required, it would be futile. Dkt. No. 69 at 4–5.

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 10

The Court agrees that the County has not shown that the failure to exhaust renders the proposed new Section 1983 claim futile. The County relies on cases holding that exhaustion was required for claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Dkt. No. 65 at 9; *see Schlosser v. Potter*, 248 F. App'x. 812, 815 (9th Cir. 2007) ("We have held that failure to file a timely grievance may be fatal to a federal employee's discrimination claim."); *Mariano v. Everett Hous. Auth.*, 166 F. App'x 273, 274 (9th Cir. 2006) (holding that "the district court did not abuse its discretion by denying [plaintiff]'s motion to amend the title of his action to include an employment discrimination claim pursuant to 42 U.S.C. § 2000e, because he did not exhaust his administrative remedies with respect to this claim"); *Langley v. United States*, 182 F. Supp. 2d 996, 1000 (D. Haw. 2002) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to the bringing of a claim under the FTCA."). But this case does not arise under either Title VII or the FTCA. More broadly, cases requiring exhaustion based on federal statutes do not support the County's position "because Congress—unlike the States—is free to require plaintiffs to exhaust administrative remedies before bringing constitutional claims." *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 195–96 (2019). Following *Knick*, it is "settled precedent" that "exhaustion of state judicial remedies is not a prerequisite to filing suit under § 1983." *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1160 (9th Cir. 2024); *see also Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 955 (9th Cir. 2022) (noting that it is "the settled rule that exhaustion of state remedies is not a prerequisite to an action under § 1983." (cleaned up)). The County offers no arguments why a failure to exhaust should nevertheless preclude BEW's claim post-*Knick*.

The Court does not suggest the BEW's alleged failure to exhaust is meaningless, only that at this point, based on the current record, the County has not shown that BEW's alleged failure to exhaust renders its Section 1983 claim futile. BEW may thus amend its complaint to add this claim.

### D. BEW May Add Certain Declaratory Judgment Claims

BEW seeks to assert two new claims for declaratory judgment. Dkt. No. 60 at 2–3; Dkt. No. 60-1 at 55. First, it seeks the following declaratory judgment:

> [T]he County is fully responsible for all of the arsenic in the landfill gas, and . . . BEW is not required under the terms of the PDA to accept landfill gas for purification that contains levels of arsenic that, when the landfill gas is initially cooled and compressed, will result in arsenic concentrations in the plant condensate that exceed 5 milligrams per liter, and thus may require designation of the condensate as "dangerous waste."

Dkt. No. 60-1 at 55. Stated another way, BEW argues that it should not be required under the PDA or applicable law to accept the County's allegedly arsenic-laden landfill gas that "contains levels of arsenic that will automatically yield condensate containing arsenic in excess of the 'dangerous waste' threshold, and thereby make BEW a 'generator" of that waste[.]" Dkt. No. 60 at 6. Second, it seeks declaratory judgment that:

> BEW cannot be compelled, pursuant to the specific performance provisions set out in Section 20.12 of the PDA, to accept all landfill gas from the County for processing if condensate produced during that processing is designated as "dangerous waste" by the Department of Ecology due to its arsenic content, and BEW is also identified as the "generator" of that "dangerous waste", thereby creating "cradle to grave" liability for its disposal as a "dangerous waste."

Dkt. No. 60-1 at 55. BEW argues that, consistent with its February 12, 2024 Notice of Force Majeure, it "cannot be required to resume operation of the Plant if such operation will result in BEW being deemed a 'generator' of dangerous waste" that it did not create and cannot control. Dkt. No. 60 at 6–7.

In addition, despite the Court's order granting the County's motion to dismiss BEW's request for declaratory judgment that Plant Condensate is not "solid waste" subject to state and federal hazardous waste laws, Dkt. No. 55 at 14, 25, 35, BEW's proposed amended complaint contains the following (additions to the operative complaint underlined, deletions in strikethrough):

- Dkt 60-1 at 2–3: "Plaintiffs seeks a judgment <u>against King County</u> declaring . . . <u>that, despite the Court's ruling in Dkt. 55, the BEW Plant Condensate is not a 'solid waste' for purposes of regulation under the State's Hazardous Waste Management Act (Chapter 70A.300 RCW)</u>[.]"

- *Id.* at 40: "<u>The Department . . . ignored the exception set out in WAC 173-303-071-3(b) from regulation as a solid waste for point source industrial wastewater discharges that are subject to regulation under Section 402 of the Clean Water Act—which covers the BEW plant condensate</u>."

- *Id.* at 54-55: "BEW also seeks a declaratory judgment <u>against the County</u> that, <u>despite the Court's rejection of BEW's motion for partial summary judgment (Dkt. 55)</u>, the BEW Plant Condensate is not 'solid waste,' based on the exclusions set out in 40 CFR 261.4(a)(2) and <u>in</u> WAC 173-303-071(3)(b)[.]"

BEW contends that it has diligently sought the above amendments because, prior to receiving the renewal permit in October 2023, "it could not have foreseen revised permit conditions that could totally prevent BEW from discharging its Plant Condensate to the County's leachate lagoons, as it had done for over ten years under section 4.10 of the PDA without objection from the County." *Id.* at 10. Nor did it have "reason to believe that the County would attempt to force BEW to accept landfill gas that it knew contained levels of arsenic that would result in BEW being designated as the generator of 'dangerous waste' . . . and being forced to assume 'cradle to grave' responsibility for such waste." *Id.*

The County responds that BEW has not shown good cause to add its proposed declaratory judgment claims because (1) the claim asking the Court to declare that the Plant Condensate is not a "solid waste" has already been rejected by the Court, and (2) the two new claims "are arguments BEW has been aware of and making since the inception of this case: that BEW has no liability with respect to Plant Condensate because the arsenic comes from the County's landfill gas." Dkt. No. 65 at 2, 13. It notes that BEW has argued since April 2022 that the County—not BEW—is responsible for the arsenic and "bears the full responsibility for such arsenic, and its ultimate disposition." *Id.* (quoting Dkt. No. 39-2 at 19); *see also* Dkt. No. 66-5 at 3 ("BEW contributes no

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 13

arsenic whatsoever as part of its operations. If there are high levels of arsenic in the raw landfill gas due to poor County operating practices, that is the County's problem, not BEW's." (emphasis omitted)).

The Court agrees with the County that any proposed amendments that rely on the now-rejected premise that Plant Condensate is not "solid waste" are foreclosed by the Court's summary judgment order. The Court also agrees that BEW has alleged since the inception of this dispute that it is not responsible for the arsenic. *See, e.g.*, Dkt. No. 39-2 at 19. However, that allegation is not the main thrust of BEW's proposed new claims for declaratory judgment. Rather, these two new overlapping claims contend that (1) the PDA does not require BEW to accept landfill gas containing high levels of arsenic, and (2) "BEW cannot be compelled, pursuant to the specific performance provisions set out in Section 20.12 of the PDA, to accept all landfill gas from the County for processing" under the circumstances described in the proposed new claim. Dkt. No. 60-1 at 55. The Court finds that BEW has been diligent in pursuing those claims in light of the October 2023 renewal permit conditions and the County's newly proposed counterclaim aimed at forcing BEW to accept the landfill gas. Dkt. No. 60 at 10. BEW has thus shown good cause under Rule 16.

The County argues that even if BEW had been diligent, its proposed new declaratory judgment claims are futile because they are mirror images of BEW's new counterclaim for specific performance. Dkt. No. 65 at 11. True enough, courts may strike "redundant" material from pleadings. Fed. R. Civ. P. 12(f). But BEW's proposed new claims for declaratory judgment are not total mirror images of the County's counterclaim. The County seeks to add a counterclaim for specific performance of BEW's obligations to accept the County's landfill gas under Sections 5.2.1 and 5.2.3 of the PDA. Dkt. No. 52 at 5; *see also* Dkt. No. 53 at 2; Dkt. No. 52-1 at 69–70. BEW notes that unlike that broad counterclaim, its request for a declaratory judgment is "narrower" and

focuses on "whether the PDA can be interpreted to require BEW to become a 'generator' of allegedly dangerous waste, and dispose of it offsite at a licensed hazardous waste disposal facility, hence exposing BEW to unlimited liability for the disposal of such waste under federal and state law." Dkt. No. 69 at 6–7. Although that claim and the County's counterclaim overlap factually and legally, they are not identical. Because the claims are at least somewhat distinct, they are not mirror images, and BEW's proposed amendments are not futile on that basis. *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823-JLR, 2012 WL 395734, at *3 (W.D Wash. Feb. 6, 2012) (declining to strike counterclaim that was not identical). Moreover, if the County is correct that BEW's proposed new claims duplicate the County's counterclaim, then the County will not suffer prejudice or have to expend additional resources defending against those claims. *Id.* at *4; *see also Vulcan, Inc. v. Zurich Am. Ins. Co.*, No. 2:21-cv-0336-BJR, 2022 WL 1289666, at *3 (W.D. Wash. Apr. 29, 2022) (declining to strike allegedly redundant counterclaims when doing so would not streamline the case).

The County does not allege that any of the other Rule 15 factors weigh against amendment, and the Court finds that those factors weigh in favor of allowing leave to amend to add BEW's proposed two new counterclaims for declaratory judgment. However, because the Court has dismissed BEW's claim for declaratory judgment that Plant Condensate is not "solid waste" subject to state and federal hazardous waste laws, Dkt. No. 55 at 14, 25, 35, that claim—i.e., the first sentence of paragraph 154—may not remain in the complaint, and allegations relating solely to that claim, *see, e.g.*, Dkt 60-1 at 2–3 (quoted above), may not be added via amendment.

E. **BEW May Augment Its Allegations Regarding Breach of the Duty of Good Faith**

BEW states that if the County's "Rule 12(c) motion (Dkt. 28) is still pending as of the date of the filing of this Motion," it should be allowed "leave to provide in its complaint the additional contractual provisions that have been violated by the County's breach of the implied covenant of

ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS - 15

good faith and fair dealing." Dkt. No. 60 at 3; *see also id.* at 7. That motion was pending when BEW filed this motion while the parties filed supplemental briefs, Dkt. Nos. 63–64, 71, and the motion remains pending, Dkt. No. 28. The County's response does not specifically take issue with any of BEW's proposed amendments to this claim. *See generally* Dkt. No. 65. Instead, the County states that "BEW includes numerous other edits in the proposed SAC, including, for instance, identifying contractual provisions addressed in briefing for the County's pending Rule 12(c) motion. The County does not fully address BEW's miscellaneous edits. However, the County believes that the Motion should be denied in its entirety." *Id.* at 11 n.3. The County has not identified any lack of diligence here or shown that any of the Rule 15 factors weigh against granting this request to amend. In the absence of any specific objection from the County, the Court follows the principle of party representation and declines to invent arguments for it. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *see also Todd R. v. Premera Blue Cross Blue Shield of Alaska*, 825 F. App'x 440, 442 (9th Cir. 2020). The Court grants BEW's request to amend the complaint to augment its allegations regarding this claim.

Finally, because the Court is allowing BEW to file a second amended complaint, it denies as moot the County's pending motion for judgment on the pleadings. Dkt. No. 28; *see also Veytia v. Portfolio Recovery Assocs., LLC*, No. 20-CV-0341-GPC-MSB, 2020 WL 5257881, at *1 (S.D. Cal. Sept. 3, 2020) (explaining that plaintiff's filing an amended complaint "render[ed] the Rule 12(c) motion moot"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended pleading supersedes the original pleading). The County may refile such a motion, if warranted, after the pleadings close on BEW's second amended complaint.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART BEW's motion to amend its complaint. Dkt. No. 60. BEW must file a redlined and clean version of a

proposed second amended complaint that is consistent with this Order within 14 days. The redlined proposed second amended complaint must show all changes to the amended complaint, Dkt. No. 22. Within seven days thereafter, the County may file a brief of no more than 2,100 words identifying any inconsistencies between this Order and BEW's proposed second amended complaint. The Court DENIES as moot the County's motion for judgment on the pleadings. Dkt. No. 28.

Dated this 3rd day of May, 2024.

Lauren King
United States District Judge