UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>KING COUNTY, WASHINGTON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cv-00542-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER |

This matter comes before the Court on the parties' Joint Motion to Modify Scheduling Order. Dkt. No. 114. The parties seek to modify the deadlines in this case in light of recent developments, including BEW's service of supplemental initial disclosures, the Court's order granting BEW's motion to compel, and the subsequent site inspection. *Id.* at 2–3. The parties state that these developments "necessitate supplemental expert disclosures and implicate the Parties' contemplated dispositive motions and motions to exclude expert testimony, for which the current filing deadline is 10/7/2024." *Id.* at 3. The parties have shown good cause to extend the remaining deadlines and continue the trial date.

However, two of their requested modifications are problematic. First, the parties' proposed extended briefing schedule on their anticipated cross motions for summary judgment is incompatible with their proposed trial date and the Court's Updated Standing Order for Civil Cases. *Id.* at 3–4; *see also* Dkt. No. 88. While the Court encourages cross motions and fewer briefs, the parties' proposed extended schedule would mean that briefing on the cross motions would not be complete until too close to the trial date. The Court established a "120-day rule" to provide "sufficient time following the noting date to issue a decision on the motion prior (ideally, at least three weeks prior) to the deadline for motions in limine[.]" Dkt. No. 88-1 at 2–3. With a normal 28-day briefing schedule, a motion filed 120 days before trial provides roughly 60 days between the noting date and the motion in limine deadline. Here, however, the parties propose the following schedule:

| | |
|---|---|
| Plaintiff's opening motion for summary judgment | 11/18/2024 |
| Defendant's opposition brief and cross-motion | 12/16/2024 |
| Plaintiff's opposition and reply | 1/13/2025 |
| **Defendant's reply** | **1/27/2025** |
| **Motions in limine due** | **2/10/2024** |

Dkt. No. 114 at 3–4. This schedule requires the Court to decide these "complex" motions, and the parties to then prepare their motions in limine, in a total of 10 business days. If the parties wish to keep their proposed schedule for cross motions for summary judgment, they must propose a later trial date that adequately takes into consideration the time it will take the Court to resolve their motions, and the time it will take the parties to then prepare motions in limine (if the orders on the motions do not dispose of the case).

Second, the joint motion states that in addition to their overlength cross motions for summary judgment, the parties anticipate "filing several summary judgment motions that will not be subject to a cross-motion from the other side." Dkt. No. 114 at 4; *see also* LCR 7(e)(3) ("Absent leave of the court, a party must not file contemporaneous dispositive motions, each one directed

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER - 2

toward a discrete issue or claim."). The parties aver that they are making this request "to avoid confusion concerning the issues on which the Parties agree there are no disputed issues of material fact under FRCP 56, which could arise if the Parties combined cross-motions for partial summary judgment with other motions for partial summary judgment that are opposed based upon disputed issues of material fact." Dkt. No. 114 at 4. However, the parties do not identify the issues to which the additional dispositive motions will be directed or the anticipated number of such motions. Although the Court is not necessarily averse to one set of cross motions directed to issues for which there are disputed issues of fact, and a separate dispositive motion which raises only issues of law, the Court will not pre-authorize filing an unspecified number of additional contemporaneous dispositive motions on unspecified issues.[1]

Accordingly, the Court GRANTS IN PART AND DENIES IN PART the parties' joint motion. Dkt. No. 114. The Court extends the deadline to file dispositive motions and motions challenging expert witness testimony to November 18, 2024. The remainder of the joint motion is denied without prejudice to the parties' ability to file a joint motion that remedies the concerns set forth in this Order. In the meantime, the Court STRIKES the trial date.

Dated this 4th day of October, 2024.

Lauren King
United States District Judge

---

[1] The Court notes that the parties have already filed some dispositive motions, including their cross motions for summary judgment, Dkt. Nos. 36, 37, and the County's motion for judgment on the pleadings on some claims, Dkt. No. 95.