UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO ENERGY (WASHINGTON), LLC,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, WASHINGTON,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:23-cv-00542-LK<br><br>ORDER GRANTING JOINT MOTION TO STAY AND MODIFY SCHEDULING ORDER |

　　　This matter comes before the Court on the parties' Joint Motion to Stay and Modify Scheduling Order. Dkt. No. 196. The parties state that they have "executed a comprehensive Settlement Agreement" and request that the Court stay this matter while they "undertake a series of steps to consummate their settlement[.]" *Id.* at 1. They request a contingent trial date in January or February 2026 in case their settlement falls through. *Id.* at 2.[1] For the reasons explained below, the motion is granted.

---

[1] BEW also "reserve[s] the right to file a motion seeking an earlier trial date (in the fourth quarter of 2025), should King County terminate its efforts to close on the purchase of the BEW Plant in April, May, or June of this year." *Id.*

ORDER GRANTING JOINT MOTION TO STAY AND MODIFY SCHEDULING ORDER - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay is appropriate here to preserve the parties' and the Court's resources as the parties complete the steps required to consummate their settlement. A stay to allow that process to occur will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice.

The Court thus GRANTS the parties' Joint Motion, Dkt. No. 196, and ORDERS that this case is stayed until one or both parties moves to lift the stay or until the first trial-related deadline arises, whichever is sooner. The Court also sets a contingent trial date of February 2, 2026, and directs the Clerk to issue an amended case schedule starting with a new deadline for motions *in limine*. Finally, because the parties have entered into a settlement agreement, the Clerk is directed to remove their pending motions from the Court's motions calendar. Either party can request that the Court reinstate its motions in the event that the settlement is not consummated.

Dated this 31st day of March, 2025.

*Lauren King*
Lauren King
United States District Judge